UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TELLY C. YOUNG, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | 16-CV-2289 |
| ) | |
| MACON COUNTY ) | |
| STATE'S ATTORNEY ) | |
| JAY SCOTT AND JUDGE ) | |
| JEFFREY GEISLER, ) | |
|     Defendants. ) | |

**MERIT REVIEW OPINION**

Plaintiffs filed this case pro se from their detention in the Macon County Jail. Their amended complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner or detainee to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated, or if the action "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiffs allege that Macon County State's Attorney Jay Scott and Judge Giesler, a Macon County Associate Judge, collude to deprive detainees of their constitutional rights by setting excessive bail for detainees based on the detainees' race and that the excessive bails cause indigent, uneducated detainees to plead guilty in order to secure their sooner release.  They also allege that Judge Geisler routinely finds probable cause for detention when no probable cause exists and allows State's Attorney Scott to introduce false evidence in the probable cause hearings.  Further, Plaintiffs allege that Defendants conspire to allow detainees with connections to the Sheriff or the Sheriff's employees to be released on reduced bonds.  Plaintiffs each ask for $100,000 in compensatory damages, $5,000 in punitive damages, and for both Defendants to "be reported to Bar association."

Plaintiffs give no specifics as to their own criminal proceedings.  They do allege that a plaintiff in the original complaint, Damarius Wilson,[2] a black male, had his bond set at $21,000, while a white male, Brock McQueen, had bond set at $20,000 for a similar offense.

Plaintiffs cannot pursue this action for damages because both Defendants are immune from lawsuits for damages based on their actions in court.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").  Probable cause and bond proceedings in court are clearly judicial or prosecutorial actions protected by immunity. See Smith v. Power, 346 F.3d 740 (7th Cir. 2003)("absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'")(quoted cite omitted); Ford v. Sessoms, 2016 WL 126388 (N.D. Ind.)(dismissing on judicial

---

[2] Damarius Wilson did not sign the amended complaint.

immunity grounds detainee's claim that excessive bond was imposed based on detainee's race); Miller v. Williamson County, 2014 WL 1613308 *4 (S.D. Ill.)("Plaintiff cannot maintain a civil rights suit against the judge who set his allegedly excessive bail, because judges, being sued solely for judicial acts, are protected by absolute judicial immunity."); Shepard v. Mikulich, 2010 WL 2719107 (N.D. Ind.)(unpublished)(Judge in individual capacity immune from lawsuit alleging that she "used racial profiling to triple his bond").

If Plaintiffs believe they are being held without probable cause or their bond is too high, Plaintiffs' legal recourse is to file an appropriate motion in their pending criminal cases, appeal the decision through the state courts, and then, possibly file a federal habeas action.  See U.S. ex rel. Garcia v. O'Grady, 812 F.2d 347 (7th Cir. 1987)(example of exhausting state court remedies and then pursuing an excessive bail claim through federal habeas petition).

The Court also notes, in regards to Plaintiffs' claim of racial profiling, that Damarius Wilson, a black detainee, was released on a recognizance bond, and therefore did not have to post bond.

2016cf968 (Macon County)(www.judici.com). In comparison, Brock McQueen, a white detainee, had to post bond and then the bond posted was revoked. 2015cf1597 (Macon County)(www.judici.com). Wilson was sentenced to probation; McQueen was sentenced to jail time. Id. No inference of racial discrimination against black detainees arises from these facts.

**IT IS ORDERED:**

1) The motion for leave to file an amended complaint by Plaintiffs Young, Taylor, Hines, Smith, McQueen, and Douglas is granted [15].

2) Plaintiff Jerry Harris is dismissed because he did not sign the amended complaint.

3) Plaintiff Darius Wilson is dismissed because he did not sign the amended complaint.

4) Plaintiffs' amended complaint is dismissed with prejudice because Defendants are immune from lawsuits for damages based on Defendants' actions taken in court in Plaintiffs' criminal

proceedings.  Any amendment against these Defendants based on their actions in court would be futile.

5)    The following Plaintiffs who signed the amended complaint must each still pay the full filing fee of $350 even though this case has been dismissed:  Telly Young, Avers Douglas, James Smith, Jamie Taylor, Jeremy Hines, and Brock McQueen.  Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004)(each prisoner-plaintiff in civil action must be assessed separate filing fees).

6)    The pending motion by Jerry Harris is denied as moot [14].

7)    If a Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If a Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

9) The clerk is directed to terminate Plaintiffs Harris and Wilson.

10) If not already done, the clerk is directed to enter the standard text order assessing and collecting the filing fee for Plaintiffs Telly Young, Avers Douglas, James Smith, Jamie Taylor, Jeremy Hines, and Brock McQueen, using the trust fund ledgers that are available from the Macon County Jail. Released Plaintiffs may file an updated petition to proceed in forma pauperis by March 17, if they seek a waiver of the filing fee based on their current income and assets.

11) The clerk is directed to close this case.

ENTERED:  February 28, 2017
FOR THE COURT:

                                        s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE